960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Rodney Curtis HAMRICK, Defendant-Appellant.
 No. 91-5358.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 21, 1992
Decided: April 27, 1992
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.
 John J. Pizzuti, CAMILLETTI & SACCO, Wheeling, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, David J. Horne, Special Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WILKINSON and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rodney Hamrick appeals from a jury verdict finding him guilty of threatening to assault and murder a federal district judge 18 U.S.C.A. § 115(a)(1)(b)(West Supp. 1991). We affirm.
 
 
 2
 Hamrick was initially convicted on a guilty plea of threatening the life of the President and sentenced by Judge William Kidd to a period of five years of incarceration. While in prison, Hamrick wrote a letter to Judge Kidd on behalf of "the Nazi Socialist Republican Party" and himself threatening to kill Judge Kidd and his family. The envelope containing the letter bears Hamrick's name and prisoner identification number. Hamrick admitted writing the letter to Judge Kidd in a subsequent interview with an FBI agent. Shortly thereafter, Hamrick wrote a second letter to Judge Kidd chastising him for complaining to the FBI about the first letter, and again threatening his life. Hamrick was convicted by a jury of threatening to assault and murder a U.S. district judge in this second letter, and was sentenced to a period of fifty-one (51) months of additional imprisonment.
 
 
 3
 On appeal Hamrick argues: (1) that his confession should have been suppressed because the government failed to prove by a preponderance of the evidence that the confession was voluntary; (2) that the court erred when it admitted into evidence portions of the threatening letter that alluded to prior crimes and other bad acts; (3) that there was insufficient evidence of Hamrick's intent to support conviction. We have examined these contentions and find them to be without merit. There was no evidence to refute the government's showing that Hamrick's confession was voluntary; the portions of the letters were relevant to the issues at trial; and there was ample evidence of Hamrick's intent. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED